IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:07-CR-296-D |
| VS. § | |
| § | |
| LANCE KENDALL BONNER, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Lance Kendall Bonner ("Bonner") has filed several pretrial motions, and the government has filed a motion *in limine*. The court decides most of Bonner's motions,[1] and the government's motion, in this memorandum opinion and order.

I

The government moves *in limine* to preclude Bonner from referring in the jury's presence to, or introducing evidence of, the fact that a Dallas County grand jury considered Bonner's alleged conduct and returned a no-bill. The court grants the motion. Accordingly, before Bonner may refer to this information in the jury's presence, including through the introduction of evidence, the posing of questions to the jury panel or to a witness, or the presentation of argument, he must first obtain, outside the jury's hearing or presence, a ruling of the court on its admissibility. Bonner's counsel must advise all defense witnesses of the requirements of this order.

---

[1] Bonner has filed a motion to dismiss that the court will decide separately, after conducting a February 20, 2008 hearing.

II

A

*Motion for Pretrial Production of all Jencks Act Material*

Bonner moves the court to order the government to produce all Jencks Act material pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 at least one week in advance of trial. The government opposes the motion to the extent it seeks disclosure of non-exculpatory materials one week before trial, but it is willing to produce such materials on the Friday before the trial commences.[2]

Because the government has agreed to comply with the Jencks Act on the Friday before the trial commences—a date that is earlier than the one on which disclosure is required under the Jencks Act—the court denies Bonner's motion as moot.

B

*Motion for Pretrial Disclosure of Rule 404(b) Evidence*

Bonner moves the court to order the government to produce all evidence it intends to offer pursuant to Fed. R. Evid. 404(b), including, but not limited to: (1) a description of the other crime, wrong, or act that the government intends to offer; (2) the names and addresses of all persons who were witnesses or have knowledge of such crime, wrong, or act; (3) copies of all documents, materials, or other tangible objects that the government intends to offer into evidence in conjunction with such Rule 404(b) evidence; (4) all exculpatory evidence within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963), and (5) a statement of the purpose for which such evidence is

---

[2]The government states that it is willing to produce Jencks Act materials by Friday, February 1, 2008, which is the Friday before the scheduled trial date of February 4, 2008. The government filed its response before the court reset the trial to March 10, 2008. The court therefore interprets the government's reference to February 1 as an indication of its willingness to produce Jencks Act materials on the Friday before the trial commences, i.e., March 7, 2008.

offered.

The government responds that it is currently unaware of any evidence that it intends to offer under Rule 404(b), and that it will provide Bonner with reasonable notice in advance of trial if it becomes aware of any such evidence. The government objects, however, to Bonner's motion to the extent it seeks the names and addresses of persons who were witnesses or who have knowledge of the other crimes, wrongs, or acts, and any exculpatory evidence regarding such other crimes, wrongs, or acts.

The court grants Bonner's motion to the following extent and otherwise denies it. No later than February 25, 2008 at noon, the government must comply with its disclosure obligations under Rule 404(b). The disclosure, as required by Rule 404(b), must be "of the general nature of any such evidence it intends to introduce at trial." "It [is] not necessary for the government to identify by name every witness that it believe[s] would substantiate [defendant's] involvement in other crimes." *United States v. Johnson*, 1999 WL 683847, at *7 (5th Cir. 1999) (unpublished opinion) (rejecting defendant's challenge under Rule 404(b), and reasoning that "the plain language of the rule merely requires the government to provide notice of the 'general nature' of any extrinsic evidence that it intends to offer").

Moreover, the government is required to comply with its obligations under *Brady* regardless whether Bonner has invoked his disclosure rights under Rule 404(b). The court therefore denies this component of his motion as moot.

C

*Motion for Production of Grand Jury Testimony*

Bonner moves the court to order the government to produce before trial a transcript of all

grand jury testimony of all witnesses whom the government intends to present during its case-in-chief. The government responds that it agrees to produce all witness statements by the Friday before trial commences,[3] including witnesses who testified before the grand jury.

The government's disclosure obligation is governed by the Jencks Act. Because the government has agreed to comply with the Jencks Act on the Friday before the trial commences—a date that is earlier than the one on which disclosure is required under the Jencks Act—the court denies Bonner's motion as moot.

D

*Motion to Submit Jury Questionnaire*

Bonner requests that the court submit a one-page juror questionnaire to prospective jurors. Although the government does not oppose the motion, the court in its discretion denies it.

The court will conduct voir dire of the jury panel based in part on questions that counsel have submitted. After the court conducts its voir dire, one counsel per party will be given ten minutes to ask follow up questions. The court is satisfied that it can adequately address through this process any valid reasons that Bonner has for requesting the use of a jury questionnaire.

**SO ORDERED**.

January 14, 2008.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]*See supra* note 2. As it did in response to another of Bonner's motions, the government states that it will produce the statements by Friday, February 1, 2008, which is the Friday before the former scheduled trial date of February 4, 2008.